[765 NYS2d 636]

In the Matter of RICHARD H. CUNNINGHAM (Admitted as RICHARD HUNTER CUNNINGHAM), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 6, 2003

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Stacey J. Sharpelletti* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated January

27, 2003, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based on his obstruction of the petitioner's investigation. The respondent was further ordered to appear at the petitioner's offices within 10 days to give testimony regarding all pending complaints, and to bring with him any and all books and records pertaining to those complaints. This Court, on its own motion, authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to John F. Mulholland, Esq., as Special Referee, to hear and report.

The petitioner now moves for an order imposing discipline against the respondent upon the ground that he has failed to serve and file an answer to the petition, and appointing a conservator to take such action as is necessary to protect the interests of his clients. The respondent was served with a copy of the motion on April 4, 2003. On April 30, 2003, the respondent requested a one-week enlargement of the time in which to respond to the motion. He failed to respond.

On March 5, 2003, the petitioner personally served the respondent with a petition containing 11 charges of professional misconduct. The charges include failing to properly preserve and wrongfully converting and misappropriating to his own use and benefit funds entrusted to him as a fiduciary in the amount of $8,759.68, failure to promptly pay or deliver to clients funds which they were entitled to receive, failure to render appropriate accounts, and neglect of legal matters entrusted to him.

The respondent has failed to serve or file an answer to the petition. The respondent has also failed to file an affidavit with the Clerk of the Court pursuant to 22 NYCRR 691.10 (f) showing that he has fully complied with the provisions of the January 27, 2003, order of suspension.

The petitioner has informed the Court that numerous clients have attempted to contact the respondent and/or retrieve their legal files. The petitioner has been apprised that the respondent appears to be in the process of clearing out his office and has already removed his computer. The petitioner is concerned that any of the respondent's remaining files will be improperly discarded or abandoned without notice to clients.

Under the circumstances, the petitioner's motion is granted, effective immediately the respondent is disbarred upon his

default, his name is stricken from the roll of attorneys and counselors-at-law, and a conservator is appointed pursuant to 22 NYCRR 691.10 (g) to take such action as is necessary to protect the interests of the respondent's former clients.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and COZIER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard H. Cunningham, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Richard H. Cunningham, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to 22 NYCRR 691.10 (g), the Honorable John P. Reali, 333 Jericho Turnpike, Jericho, N.Y., 11753, is appointed to inventory the files of the disbarred attorney, Richard H. Cunningham, and to take such action as is deemed proper and advisable to protect the interests of his former clients.